IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSE TOMAS, AND ALL OTHERS SIMILARLY SITUATED,<br>　　*Plaintiff*,<br><br>v.<br><br>1) SANTOS JERKY, LLC;<br>2) SONIA SANTOS; INDIVIDUALLY AND AS MANAGING MEMBER OF SANTOS JERKY, LLC; AND<br>3) JAVIER SANTOS, INDIVIDUALLY AND AS MANAGING MEMBER OF SANTOS JERKY, LLC,<br>　　*Defendants*. | §§§§§§§§§§§§§§§§§　Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jose Tomas (hereinafter "Plaintiff" or "Tomas") and all others similarly situated, bring suit against Santos Jerky, LLC (hereinafter "Defendant Santos Jerky"), Sonia Santos, individually and as managing member of Santos Jerky ("Sonia Santos"), and Javier Santos, individually and as managing member of Santos Jerky ("Javier Santos") (collectively, "Defendants") and would respectfully show as follows:

**I. NATURE OF ACTION**

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and is brought to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

2. Defendants employed Plaintiff(s) in commerce or in the production of goods for commerce and willfully failed to compensate Plaintiff(s) at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, in violation of the FLSA.

## II. PARTIES

3. Jose Tomas is an individual resident of Wichita Falls, Wichita County, Texas who, at all times relevant, performed all work duties for Defendants in the state of Texas.

4. The Putative Collective of similarly situated Employees is defined as:

> **All current and past non-exempt employees who were subject to the company's overtime policies and practices who worked for, or on behalf of, Santos Jerky, LLC and who worked more than forty (40) hours in a workweek and did not receive overtime compensation within the past three (3) years ("Putative Class Members" or Putative Collective.")**

5. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

6. Defendant Santos Jerky, LLC is a domestic limited liability company doing business in the state of Texas. This Defendant can be served by serving its registered agent, Sonia Santos at 1712 NE 24th Ave, Amarillo, TX 79107.

7. Defendant Sonia Santos is a managing member of Santos Jerky, LLC, and an individual residing in Potter County, Texas may be served at 1817 N Osage St, Amarillo, TX 79107.

8. Defendant Javier Santos is a managing member of Santos Jerky, LLC, and an individual residing in Potter County, Texas may be served at 1817 N Osage St, Amarillo, TX 79107.

9. Defendants jointly employed the Plaintiff and similarly situated individuals by acting directly or indirectly in the interest of the employer.

## III. JURISDICTION & VENUE

10. This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 USC. § 216(b).

11. This Court has general personal jurisdiction over Defendant Santos Jerky, LLC because

said defendant is a domestic corporation.

12. This Court has general personal jurisdiction over Defendant Sonia Santos because said defendant is an individual residing in Amarillo, Potter County, Texas.

13. This Court has general personal jurisdiction over Defendant Javier Santos because said defendant is an individual residing in Amarillo, Potter County, Texas.

14. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq.*, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court because Defendants maintain facilities and conduct business in this district. 28 U.S.C. § 1391(b)(1).

### IV. COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203(d).

16. At all relevant times, Defendants have been part of an "enterprise" within the meaning of 29 U.S.C. § 203(r).

17. At all relevant times, Defendants have been part of an "enterprise engaged in interest commerce and/or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

18. At all relevant times, Defendants have, and have had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19. At all relevant times, Defendants have had gross volume of sales made or business done in excess of $500,000.

20. Defendants treated Tomas and the Putative Class members as employees and uniformly

dictated the pay and other employment practices it applied to them.

21. As a result of Defendants' pay scheme, Tomas and the Putative Class Members did not receive overtime wages when they worked more than 40 hours in a work week in violation of the FLSA.

### V. STATEMENT OF FACTS

22. Plaintiff Jose Tomas commenced his employment with Defendants on or about October 2025.

23. Initially, Mr. Tomas was compensated at a rate of $11 per hour. His work schedule typically spanned five to six days per week, with daily hours from 8:00 a.m. to 6:00 or 7:00 p.m.

24. After completing one week of employment, Mr. Tomas received a pay increase to $12 per hour.

25. Despite regularly working in excess of 40 hours per week, Mr. Tomas did not receive overtime pay for the additional hours worked, in violation of the Fair Labor Standards Act (FLSA).

26. Based on information and belief, Plaintiff believes that other employees may be similarly situated.

### V. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff incorporates all preceding paragraphs and allegations.

28. Plaintiff brings these FLSA claims as a collective action on behalf of himself and the Putative Class Members pursuant 29 U.S.C. § 216(b).

29. Based on information and belief, numerous individuals are victimized by Defendants' pattern, practice, and policy in willful violation of the FLSA.

30. Based on information and belief, numerous other individuals, like Tomas, indicated they were paid in the same manner (as exempt employees), performed similar job duties, and were not

paid overtime wages when they worked in excess of 40 hours in a workweek as required by the FLSA. Based on his experiences and tenure with Defendants, Tomas is aware that Defendants' illegal pay practices were likewise imposed on the Putative Class Members.

31. Defendants' failure to pay Tomas and the Putative Class Members overtime compensation as required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

32. The specific job titles or precise job location of the Putative Class Members do not prevent collective treatment.

33. Tomas has no interest contrary to, or in conflict with, the Putative Class Members.

34. Like each Putative Class Member, Tomas has an interest in obtaining the unpaid overtime wages owed to them under federal law.

35. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

36. Absent this collective action, many Putative Class Members likely will not obtain redress for their injuries, and Defendants will reap the unjust benefits of violating the FLSA.

37. Even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

38. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Putative Class Members and provide judicial consistency.

39. In committing the wrongful acts in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Tomas and the Putative Class Members.

40. Defendants' failure to pay overtime compensation to Tomas and the Putative Class

Members was neither reasonable, nor was the decision to not pay these employees overtime made in good faith.

41. Therefore, Plaintiff respectfully demands that he be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which he was not compensated, plus an equal amount as liquidated damages, as well as attorney's fees and costs as provided by law pursuant to 29 U.S.C. § 216 (b)

## VI. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

42. All paragraphs above are incorporated as if fully stated herein.

43. 29 U.S.C. § 207 (a)(1) of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

44. There are no exemptions applicable to Plaintiff or the Putative Class Members.

45. As set forth herein, Defendants have violated, and are violating FLSA by employing employees (Tomas and the Putative Class Members) in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without paying such employees overtime wages for their work in excess of 40 hours per week at rates not less than 1.5 times the regular rates of pay.

46. In committing the wrongful acts in violation of the FLSA, Santos Jerky, LLC acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Tomas and the Putative Class Members.

47. Santos Jerky, LLC's failure to pay overtime compensation to Tomas and the Putative Class

Members was neither reasonable, nor was the decision to not pay these employees overtime made in good faith.

48. Therefore, Plaintiff respectfully demands that he be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which he was not compensated, plus an equal amount as liquidated damages, as well as attorney's fees and costs as provided by law pursuant to 29 U.S.C. § 216 (b).

## VII. Jury Demand

49. Plaintiff respectfully requests that this matter be tried before a jury.

## VIII. Prayer for Relief

50. Plaintiff, individually and on behalf of the other workers illustrated above, seeks the following relief:

   a. An Order designing this lawsuit as a collective action and authorizing notice pursuant to 29 U.S. § 216(b) be sent to the workers allowing them to join this action by filing a written notice of consent;

   b. An Order finding Defendants liable to Tomas and the other workers for unpaid overtime wages owed under the FLSA, plus liquidated damages in amount equal to their unpaid wages;

   c. A Judgment against Defendants awarding Tomas and the other workers all their unpaid wages, liquidated damages, and any other penalties available under the FLSA;

   d. An Order awarding attorney's fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,
**MONTY & RAMIREZ LLP**

*/s/ Ruth M. Willars*
RUTH M. WILLARS
Texas SBN: 24003175
Fed. ID No.: 28285
**Monty & Ramirez LLP**
150 W. Parker Road, 3rd Floor
Houston, TX 77076
Ph.:281-493-5529 Fax: 281-493-5983
rwillars@montyramirezlaw.com
**ATTORNEY FOR PLAINTIFF**